[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Vaughn Teasley appeals from the trial court's adjudication that he is a sexual predator. We overrule his assignment of error in which he contends that the evidence was insufficient to support the adjudication.
Teasley was sentenced to an indefinite prison term of five to twenty-five years on October 31, 1989, following his guilty plea to rape. He was returned to the trial court for a sexual-predator hearing held on May 25, 2000. At the hearing the trial judge, who was the judge who had imposed Teasley's sentence, considered the indictment for rape, the presentence investigation, the victim-impact statement, and the statements of the prosecutor and defense counsel. At the time of the offense, Teasley, then thirty-two years of age, persuaded the fourteen-year-old victim, an acquaintance of eight years, to ride with him on his motor scooter. He then drove into Winton Woods and, by means of threats with a knife, had vaginal intercourse with the victim and forced her to commit fellatio.
A "sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually-oriented offenses." The burden is on the state to prove by clear and convincing evidence that a defendant is likely to engage in future sexually oriented offenses. See R.C. 2950.09(B)(3). The General Assembly provides ten relevant factors for the trial court to consider in making its determination as to the sex offender's probability of future conduct. See R.C. 2950.09(B)(2). In making its determination, the trial court may consider reliable hearsay and is not bound by the rules of evidence. See State v. Cook (1998), 83 Ohio St.3d 404, 425,700 N.E.2d 570, 587.
The rape committed by Teasley was a sexually-oriented offense as defined by R.C. 2950.01(D)(1). The evidence before the trial court satisfied five relevant factors for a sexual-predator adjudication under R.C. 2950.09(B)(2): Teasley was thirty-two when he committed the offense; the victim was fourteen years of age; his interaction with the victim in a sexual context was that he had known her for eight years; he made threats with a knife and threatened to kill her if she told of the rape; and he inflicted injuries to the victim in the form of multiple cuts and bruises. Teasley maintains that the victim consented, and that he believed that she was an adult. His counsel informed the trial court that Teasley had completed a sex-offender treatment program in prison and that he was a model prisoner, but offered no documentary evidence or testimony to corroborate this representation.
Sufficiency is a test of adequacy. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. After reviewing the record in its entirety, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Teasley was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that he is a sexual predator. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368, 481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.